United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUCIANA VERA DE VILLALOBOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-1059 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Luciana Vera de Villalobos filed this habeas action while detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. She requested this Court find her civil immigration detention unlawful, order her immediate release, and award attorney's fees. (Pet., Doc. 1, 12)

On November 6, 2026, Petitioner informed the Court that she was "granted cancellation of removal for certain lawful permanent residents" and "released from the custody of U.S. Immigration and Customs Enforcement[.]" (*See* Advisory, Doc. 6, 12)

Federal courts possess limited jurisdiction and can only consider "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). A court lacks subject matter jurisdiction over a moot controversy, which exists when a matter "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *see also Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978). The doctrine of mootness "requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, . . . [the] parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)); *see also Bayou Liberty Ass'n, Inc. v. U.S. Army Corps*

*of Eng'rs*, 217 F.3d 393, 396 (5th Cir. 2000) ("[T]o qualify as a case for federal court adjudication, a case or controversy must exist at all stages of the litigation, not just at the time the suit was filed.").

Generally, release from custody renders a habeas petition moot. *See, e.g., Lane v. Williams*, 455 U.S. 624, 631 (1982); *Lemons v. Swann*, 412 F. App'x 672, 673 (5th Cir. 2011) ("In the context of habeas petitions . . . this court has dismissed a petitioner's appeal as moot upon the petitioner's release from custody"); *Sutton v. Johnson*, 235 F.3d 1341, 2000 WL 1672840 *1 (5th Cir. 2000) ("[Petitioner's] habeas claims are moot due to his release to mandatory supervision") (unpubl.).

Applying these principles to the present matter, Petitioner's release from custody renders her Petition moot.

Petitioner also requests attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. But as habeas proceedings are not purely civil actions, courts in the Fifth Circuit do not award fees under the EAJA in connection with immigration habeas petitions. *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 553 (2024); *see also Puertas-Mendoza v. Bondi*, No. 5:25-CV-1453, 2025 WL 3142089, at *5 (W.D. Tex. Oct. 22, 2025) (relying on *Barco* to deny a request for fees under the EAJA in an immigration habeas proceeding).

As a result, it is:

**ORDERED** that Petitioner Luciana Vera de Villalobos's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED AS MOOT**; and

Petitioner's request for an award of attorney's fees and costs is **DENIED.**

The Clerk of Court is directed to close this case.

Signed on November 9, 2026.

Fernando Rodriguez, Jr.
United States District Judge